UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LE'ANDRE L. CHILDS,

       Petitioner,                    Case No. 2:18-cv-11496
                                              Hon. George Caram Steeh

v.

RANDEE REWERTS,[1]

       Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Le'Andre L. Childs, ("Petitioner"), incarcerated at the Carson City Correctional Facility, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated as the result of his 2015 Wayne Circuit Court jury trial conviction of second-degree murder and commission of a felony with a firearm. The petition asserts three grounds for relief: (1) the trial court erroneously failed to instruct the jury on self-defense, (2) the state magistrate judge abused its discretion in binding

---

[1]Petitioner is a prisoner at the Carson City Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court substitutes Warden Randee Rewerts in the caption.

-1-

Petitioner over to the state circuit court for trial, and (3) the evidence presented at trial was insufficient to support the jury's verdict.

Petitioner has filed at least one prior petition for a writ of habeas corpus challenging the convictions at issue in the present case that was summarily dismissed on the merits. See *Childs v. Jackson*, No. 2:17-cv-13464 (E.D. Mich. Nov. 13, 2017).

Petitioner filed a second petition with the Court, raising claims regarding the jurisdiction of the trial court. The case was transferred to the Sixth Circuit as a second or successive petition. See *Childs v. Jackson*, No. 2:17-cv-13983 (E.D. Mich. Jan. 4, 2018). The Sixth Circuit denied permission to file a second or successive petition. *In re Childs*, No. 18-1025 (6th Cir. April 26, 2018).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive petition for writ of habeas corpus in the absence of an order of authorization from the court of appeals. *Ferrazza v. Tessmer*, 36 F. Supp.

2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals. *Id.* at 971; See also *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The current habeas petition is a successive petition within the meaning of § 2244(b)(3)(A). This Court therefore lacks jurisdiction to entertain the petition in the absence of authorization from the Sixth Circuit. § 2244(b)(3)(A).

**IT IS THEREFORE ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/George Caram Steeh
Hon. George Caram Steeh
United States District Judge

Dated: May 24, 2018

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 24, 2018, by electronic and/or ordinary mail and also on Le'Andre L. Childs #954120, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/Marcia Beauchemin
Deputy Clerk